**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ACHO, | No. C 09-00157 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| VERA CORT as an individual and as the trustee of THE CORT FAMILY LIVING TRUST, THE ROBERT J. CORT MARITAL TRUST, THE VERA CORT SURVIVAL TRUST, and Does 1-10, | **Re: Defendant's Motion to Dismiss** |
| Defendants. | |

On January 13, 2009, plaintiff Nicolas Acho ("plaintiff") filed this action against defendant Vera Cort ("defendant") as an individual and in her capacity as trustee of several trusts. Plaintiff alleges violations of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201-219; California Labor Code sections 201, 226, 226.7 and 510; and California Business and Professions Code section 17200 *et seq.* Plaintiff was formerly employed as a maintenance employee engaged in the repair and upkeep of defendant's properties, and he alleges that defendant failed to adequately compensate him for the hours he worked. Now before the court is defendant's motion to dismiss. Having considered the parties's arguments and submissions, the court enters the following memorandum and order.

## BACKGROUND

Plaintiff was employed by defendant from approximately July 2001 until November 2008. Docket No. 21 ("Fourth Amended Complaint") ¶ 11. He was last employed as a maintenance employee engaged in the repair and upkeep of properties owned by the defendant in and around San Francisco, California. *Id.* ¶ 7. Plaintiff alleges that during the course of his employment by defendant, plaintiff worked in excess of eight hours per day and forty hours per week on a regular basis, and that defendant failed to pay plaintiff overtime wages as required by both federal and California law. *Id.* ¶¶ 9, 16, 25. Plaintiff also alleges that defendant failed to provide him with a thirty-minute meal break for every five hours worked and a fifteen minute rest period for every four hours worked. *Id.* ¶¶ 37-38. In addition, when plaintiff's employment with defendant was terminated, defendant allegedly did not immediately pay plaintiff unpaid overtime wages as required by California law. Plaintiff also complains that defendant has failed to provide plaintiff with adequate pay statements as is required by California law. *Id.* ¶ 50. Plaintiff seeks the following relief: (1) payment of unpaid overtime pursuant to Labor Code sections 510 and 1194, (2) damages under FLSA equal to unpaid overtime wages, (3) restitution of unpaid overtime pursuant to Business and Professions Code section 17203, (4) waiting time penalty damages of thirty days wages pursuant to Labor Code section 203, (5) damages and penalties for inadequate pay statements pursuant to Labor Code section 226, (6) pre-judgment interest of ten percent on the unpaid overtime compensation and unpaid salaries and (7) attorney's fees.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When faced with a motion to dismiss, courts typically "look only at the face of the complaint." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). A court will grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544 (2007). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A plaintiff's complaint may be dismissed either for failing to articulate a cognizable legal theory or for not alleging sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). A court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, ___ U.S.___,___, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

DISCUSSION

Defendant argues that plaintiff has failed to plead sufficient facts to state a claim and that the complaint simply recites the elements of each cause of action without providing further factual enhancement. In addition, defendant contends that the following critical information is missing from the complaint: (1) whether the employment contract between defendant and plaintiff is written or oral and (2) specific dates during which plaintiff worked overtime or was denied breaks.[1]

"A formulaic recitation of the elements of a cause of action will not do" to survive a motion to dismiss for failure to state a claim. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). What will be considered sufficient to state a claim will differ depending on the context of the complaint and "requir[es] the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. For an alleged FLSA violation, the requirements are simple and straightforward. The elements that must be shown are a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the FLSA. *See* 29

3

U.S.C. §§ 206, 207 & 215(a)(2). Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate no less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). The FLSA contains various exemptions from this requirement to pay overtime in excess of forty hours per week; however, defendant does not contend that plaintiff's employment was subject to one of these exemptions. In order to plead sufficient facts, the plaintiff must indicate facts supporting the following: (1) defendant was plaintiff's employer; (2) plaintiff worked more than forty hours in a week; and (3) plaintiff did not receive compensation for his employment in excess of the forty hours.

In the complaint, plaintiff indicates he was employed by the defendant as a maintenance employee engaged in the repair and upkeep of various properties owned by the defendant from approximately July 2001 until November 2008. Plaintiff alleges that he worked more than forty hours per week and did not receive compensation for those overtime hours. Plaintiff also alleges that he did not have "even marginal responsibility for management or administrative functions" and that his primary job duties did not require the exercise of independent discretion and judgment. During plaintiff's employment with defendant, plaintiff did not maintain any professional license with the state or practice any recognized profession. Plaintiff argues that, because his work was exclusively regulated by defendant and plaintiff did not maintain a professional license, plaintiff's employment activity is covered by the FLSA and is not subject to an exemption as is provided in section 213. For her part, defendant does not assert that this action falls outside the scope of the FLSA due to an exemption or that defendant was not plaintiff's employer. However, defendant argues that the complaint is missing the specific dates indicated when plaintiff allegedly worked overtime.

An employer is obligated to maintain employment records. It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records. Plaintiff has indicated the time period during which he worked for defendant.[2] A review by defendant of defendant's employment records would provide

4

the specific number of overtime hours worked by plaintiff. The instant complaint is adequate to put defendant on notice and to meet the requirements of Rule 8.[3] Plaintiff has alleged enough facts to "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant also argues that plaintiff has failed to plead whether the employment agreement between the plaintiff and defendant was oral or written. She contends that she cannot therefore determine what statute of limitations applies. Whether the employment agreement was in oral or written form is of no moment here because the right to unpaid overtime claimed derives from statute, not any contract. Where the "[p]laintiff [is] suing for wages and not upon a contract . . . we do not believe he [is] required to state whether or not there was any writing." *Brubaker v. Mallickzadha*, 105 Cal. App. 2d 780, 781-782 (1951). In this action, the plaintiff is suing for wages in the form of unpaid overtime, founded primarily upon statute, not contract. The statutes in question establish the statute of limitations; the nature of the employment agreement is irrelevant.[4] Certainly if there was any writing that constitutes a defense, defendant could set it up as a defense, but plaintiff need not plead the nature of an alleged agreement in order to have a cause of action under the statute. Furthermore, the statute of limitations can be calculated from the employment range that the plaintiff has provided in his complaint.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is DENIED. Defendant shall file its answer to the complaint within twenty (20) days of the filing of this order.

IT IS SO ORDERED.

Dated: October 26, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

**ENDNOTES**

1. In relation to the FLSA claim, defendant also argues that plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce because he was employed as a maintenance employee for properties in and around San Francisco, California. It would be premature to dismiss the complaint on this ground at this time. FLSA coverage has been interpreted broadly, and maintenance employees engaging in the repair and upkeep of properties have been considered to be engaged in interstate commerce for purposes of the statute. *See Kirschbaum v. Walling*, 316 U.S. 517 (1942) (employees engaged in the operation and maintenance of a loft building fall under the FLSA coverage); *Brennan v. Dillion*, 483 F.2d 1334 (10th Cir. 1973) (maintenance employees who handled materials which had traveled in interstate commerce, such as paint, light bulbs, cleansers, plumbing fixtures, grass seed and chlorine for swimming pool, were engaged in the production of goods for commerce). Plaintiff's allegation that he was employed in the repair and upkeep of defendant's properties is sufficient to survive a motion to dismiss.

2. At the initial Case Management Conference, defendant requested that plaintiff specifically allege an employment period and allege specific dates when overtime was worked. *See* Mot. at 3; Opp. at 1. The court instructed only that the addition of an alleged employment period is required in the complaint. *See* Docket No. 18 (July 27, 2009, minute entry).

3. The plaintiff has also alleged sufficient facts for the claims arising under California law. The facts necessary to support the claims under Labor Code sections 201, 226, 226.7 and 510 and Business and Professions Code section 17200 *et seq.* are virtually identical to those necessary to support the FLSA claim. For the same reasons that alleging a specific employment period is adequate for purposes of the FLSA claim, so too is it sufficient to meet the requirements to state a cause of action under California law.

4. A two-year statute of limitations applies to the recovery of overtime under the FLSA, except in the case of willful violation, in which case a three-year statute of limitations applies. 29 U.S.C. § 255.